# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action Number |
| | ) 06-00264-01-CR-W-NKL |
| Alfonso D. Gill, | ) |
| | ) |
| Defendant. | ) |

## Report and Recommendation

Pending before the Court is the MOTION TO SUPPRESS EVIDENCE WITH SUGGESTIONS filed January 16, 2007 (Doc. #17) by defendant Alfonso D. Gill ("Gill"). On February 22, 2007, the undersigned held an evidentiary hearing on Gill's motion. Gill was present and was represented by his counsel, Assistant Federal Public Defender Stephen C. Moss. The government was represented at the hearing by Assistant United States Attorney Rudolph Rhodes. At the evidentiary hearing, the government called one witness, Detective Michael Miller of the Kansas City (Mo.) Police Department. Additionally, two exhibits were admitted into evidence: the Search Warrant and application [Govt. #1] and the Officer Report [Govt. #2]. On the basis of all the evidence adduced at the evidentiary hearing, the undersigned submits the following:

### PROPOSED FINDINGS OF FACT

  1. On July 6, 2006, Detective Miller and his partner were conducting surveillance on the residence located at 4153 College in Kansas City. Tr. at 3-4.

  2. Previously, Detective Miller had obtained a state search warrant for the residence at 4153 College. Tr. at 4; Govt. #1.

3. The search warrant sought seizure of narcotics and drug paraphernalia and was based on some prior drug sales made to a confidential informant. Tr. at 4, 14-16; Govt. #1.

4. Prior to executing a search warrant, it was the policy and practice of Detective Miller to do drive-bys of the property and to videotape the property for the tactical squad that would be executing the warrant. Tr. at 5.

5. While conducting the surveillance of 4153 College on July 6, 2006, at approximately 4:50 p.m., Detective Miller observed a silver Jeep pull up and stop across the street in front of 4153 College. Tr. at 6, 8, 18.

6. Detective Miller then saw the driver of the silver Jeep exit his vehicle and walk up to the front door and enter the residence at 4153 College. Tr. at 6.

7. The driver of the silver Jeep stayed in the house for approximately five minutes, then he exited the house and got back into the driver's seat of the silver Jeep. Tr. at 6, 19.

8. Based on his past experience, Detective Miller believed that the conduct of the driver of the silver Jeep "was consistent with a possible drug transaction at the residence." Tr. at 6-8.

9. Shortly thereafter, at approximately 5:00 p.m., the tactical squad executed the search warrant at 4153 College. Tr. at 9, 18.

10. While the search warrant was being executed, Detective Miller noted that the silver Jeep was still parked across the street and that there were two individuals inside the vehicle. Tr. at 9.

11. At that time, Detective Miller and two other officers decided to approach the silver Jeep "to figure out what was going on with the Jeep." Tr. at 9.

12. Detective Miller wanted to ascertain if either of the occupants was the target of the drug investigation and he was concerned with officer safety in light of the driver's connection to the residence and the conduct in remaining in the vehicle while the search warrant was being executed. Tr. at 10.

13. As the three officers were approaching the silver Jeep, the individual on the passenger side exited the vehicle and started to walk toward the back of the Jeep. Tr. at 9.

14. One of the officers walked around the back of the Jeep to cut off the passenger since "it appeared that he was going to start running." Tr. at 9.

15. As Detective Miller was approaching the driver's side door of the Jeep, the driver

2

Case 4:06-cr-00264-DGK   Document 26   Filed 03/27/07   Page 2 of 5

opened the vehicle door and was exiting the Jeep. Tr. at 9.

      16.    As the driver was exiting the vehicle, Detective Miller observed through the door window a plastic bag laying on top of the center console.[1]  Tr. at 10, 11.

      17.    Based on his experience as a law enforcement officer, Detective Miller believed that the plastic bag contained crack cocaine. Tr. at 10.

      18.    Detective Miller then detained the driver in handcuffs while the substance in the plastic bag was field tested. Tr. at 10.

      19.    The substance tested positive for cocaine. Tr. at 10, 11.

      20.    The driver, later identified as Gill, was then arrested. Tr. at 11-12.

      21.    Following the arrest, Detective Miller ordered a tow of the Jeep and conducted a search of Gill as well as the Jeep. Tr. at 11.

      22.    Those searches uncovered contraband that is the subject of Gill's motion to suppress. Tr. at 12-14.

## PROPOSED CONCLUSIONS OF LAW

The Fourth Amendment to the United States Constitution guarantees the right "to be secure in [our] persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend IV. The touchstone of the Fourth Amendment's promise is "reasonableness," which generally – though not always – translates into a warrant requirement. *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 652, 115 S.Ct. 2386, 2390-91 (1995).

---

[1] At the hearing, Gill offered as substantive evidence portions of the government's pleading opposing the motion to suppress. Specifically, Gill argued that the "Background" portion of the government's pleading set forth facts somewhat contrary to Detective Miller's testimony. Statements of counsel (whether orally before the court or in writing in court pleadings) may constitute judicial admissions. However, in order to qualify as a judicial admission, such statements must have "sufficient formality or conclusiveness to be considered a judicial admission." *Bannister v. Delo*, 100 F.3d 610, 622 n.12 (8th Cir. 1996). The Court does not believe that a pre-hearing pleading from an attorney reciting what he believes the evidence will be at the hearing bears the requisite formality and conclusiveness to constitute a judicial admission.

However, one well-settled exception to the warrant requirement is the "plain view" doctrine. The plain-view doctrine permits law enforcement officers to seize evidence without a warrant if:

> (1) 'the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed,'
>
> (2) the object's incriminating character is immediately apparent, and
>
> (3) the officer has a 'lawful right of access to the object itself.'

*United States v. Hughes*, 940 F.2d 1125, 1126-27 (8th Cir.) (1991) (*quoting*, *in part*, *Horton v. California*, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 2307-08 (1990)).

In this case, the Court concludes that the plain view doctrine constitutionally justifies the discovery of the crack cocaine by Detective Miller. Inasmuch as the incriminating nature of the crack cocaine was readily apparent, the critical issue is whether Detective Miller was "'in a place where the officer ha[d] a right to be.'" *United States v. Criswell*, 696 F.2d 636, 640 (8th Cir.1983) (*quoting Washington v. Chrisman*, 455 U.S. 1, 5, 102 S.Ct. 812, 816 (1982)). Under the facts presented, the Court finds that Officer Miller's approach to a vehicle parked on a public street for purposes of ascertaining the identity of the occupants was permissible and, because the Court finds that the plain view of the crack cocaine occurred prior to any detention, Detective Miller's conduct in merely approaching the vehicle did not violate the Fourth Amendment.

Accordingly, it is

4

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the MOTION TO SUPPRESS EVIDENCE WITH SUGGESTIONS filed January 16, 2007 (Doc. #17) by Alfonso D. Gill.

Counsel are reminded that each has 10 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**