IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-00264-01-CR-W-NKL |
| | ) | |
| ALFONSO D. GILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On March 27, 2007, United States Magistrate Judge John T. Maughmer recommended that the Court enter an Order denying Afonso D. Gill's ("Gill") Motion to Suppress. *See* Report and Recommendation [Doc. # 26]. Having conducted an independent review of the record and considered Gill's objections, the Court concludes that the Magistrate's Report and Recommendation is correct and should be adopted.

Gill challenges the seizure of a plastic bag containing crack cocaine that was on the top of the center console of his vehicle. The drugs were seized after Detective Miller, of the Kansas City, Missouri, Police Department, approached the car which was parked outside of a suspected drug house where a search warrant was being executed. Detective Miller was present at the location conducting surveillance of the suspected drug house prior to the execution of the search warrant. He observed a silver Jeep pull up across the street from the drug house and saw the driver of the Jeep walk to the front door, and about

1

five minutes later exit the house and return to the Jeep.  After the tactical squad arrived to execute the search warrant at the suspected drug house, Detective Miller walked up to the jeep to determine whether either of the occupants was the target of the drug investigation.  He was also concerned about the safety of the officers who were executing the search warrant.

As Detective Miller approached the driver's side door of the Jeep, the driver opened the vehicle door and was exiting the Jeep.  Looking into the vehicle, Detective Miller observed a plastic bag laying on top of the center console.

The plain-view doctrine permits law enforcement officers to seize evidence without a warrant if three requirements are satisfied.  First, the officer was not already violating the Fourth Amendment when he observed the evidence that was in plain view.  Second, the evidence in plain view is obviously incriminating; and third, the officer "has a 'lawful right of access to the object itself.'" *United States v. Hughes*, 940 F.2d 1125, 1126-27 (8th Cir. 1991) *(quoting, in part, Horton v. California*, 496 U.S. 128, 136-37, 110 S. Ct. 2301, 2307-08 (1990)).  *Also see United States v. Criswell*, 696 F.2d 636, 640 (8th Cir. 1983).

Because Officer Miller was on a public street when he approached the vehicle, it is clear that he had the right to be there.  The incriminating character of the crack cocaine was evident to an experienced police officer, and he reasonably detained Gill, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), after observing him exiting the car, having just seen him go into a suspected drug house and after observing crack cocaine on the Jeep's

2

console.

Gill contends, however, that the Magistrate erred when he found that Detective Miller observed the crack cocaine through the door window as Gill was exiting the vehicle. At the suppression hearing, and in his objections to the Report and Recommendations, defense counsel argued that the government should be deemed to have admitted that the officer looked through the open car door and observed the crack cocaine. Because this evidence is inconsistent with the officer's statement that he looked through the window of the door and observed the plastic bag with crack cocaine, Gill argues that the Report and Recommendations should be reversed. The Court rejects this argument. The government's alleged admission was based on a statement made by its Attorney in its response to the Motion to Suppress. The Court agrees with the Magistrate that this is clearly not an admission by the government and does not undermine the credibility of the officer who unequivocally testified at the suppression hearing that he observed the plastic bag through the window of the driver's side door.

Gill also argues that there is an inconsistency between Detective Miller's testimony at the hearing and Detective Miller's previous statements about when he observed the cocaine. The discrepancies identified by Gill are de minimus at best and do not convince the Court that Detective Miller was not accurate when he testified that he observed the cocaine through the door window as the driver was coming out of the vehicle.

Based on the credible evidence presented, the Court finds no basis for suppressing

the evidence seized from the Jeep or any evidence that was gathered after the warrantless seizure of Mr. Gill.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: April 16, 2007
Jefferson City, Missouri